UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAUNDRA M. MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-00729 (APM) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

I.

This matter is before the court on Defendant District of Columbia's Motion for Sanctions. *See* Def.'s Mot. for Sanctions & Def.'s Mem. in Supp. of Mot., ECF No. 52 [hereinafter Def.'s Mem.]. The grounds for Defendant's Motion are not disputed by Plaintiff Saundra M. McNair: Plaintiff admits that she failed to provide answers to two key interrogatories asking her to identify fact and expert witnesses, and, further, that she produced no documents to Defendant during the discovery period, even though Defendant made a timely demand for records. *Id.* at 1–8; *see also* Pl.'s Resp. in Opp'n, ECF No. 53, Mem. in Support, ECF No. 53–1 [hereinafter Pl.'s Mem.], at 3, 5 (responding only that sanctions are inappropriate because Defendant fails to show prejudice). Defendant seeks an array of sanctions, all of which have in common precluding Plaintiff from relying on any evidence, including witness testimony, which Plaintiff did not disclose during discovery. Def.'s Mem. at 8–12.

II.

Rule 37 of the Federal Rules of Civil Procedure provides the applicable sanctions framework. Under Rule 37(b)(2)(A), the court may impose sanctions against a party that "fails to obey an order to provide or permit discovery," including a scheduling order issued under Rule 26(f). The sanctions authorized by Rule 37, in order of severity, range from "directing that . . . designated facts be taken as established for the purposes of the action" to "rendering a default judgment against the disobedient party." *See* Fed. R. Civ. 37(b)(2)(A)(i)–(vii). Additionally, Rule 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The central requirement of any Rule 37 sanction is that it be "just." *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996). Thus, Rule 37 is bounded by the "'concept of proportionality' between offense and sanction." *Id.* (internal citation omitted). When deciding whether to impose the kind of "severe" sanction requested here—the broad preclusion of evidence—a court may consider "the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Id.* In addition to these three factors, the court must consider the availability of less drastic sanctions. *See id.* at 809.

III.

Plaintiff seeks to avoid sanctions on the ground that she previously produced the requested responses and records to Defendant. *See* Pl.'s Mem. at 3. She states that she intends to rely upon the same records—more than 120 pages worth—that she submitted in connection with administrative proceedings before the D.C. Department of Employment Services, which preceded

this action. Pl.'s Mem. at 3–4. Thus, she claims the "information Defendant is seeking is currently in Defendant's custody and has been for a substantial amount of time." *Id.* at 3. Therefore, she maintains, Defendant has not been prejudiced by her non-responsiveness during the discovery period. *See id.* 3–4.

Plaintiff's defense is no defense at all. "[A] party ordinarily cannot refuse to produce documents within its possession, custody, or control on the grounds that the materials may already be in the requesting party's possession." Fed. R. Civ. P. 34 rules and commentary to February 2018 update; *see also P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 230 (D. P.R. 2016) ("Courts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents.") (citing cases); *cf. Thong v. Andre Chreky Salon*, 247 F.R.D. 193, 197–98 (D.D.C. 2008) (holding that the fact the requesting party can obtain records from another source does not relieve a party from producing those records in its possession, custody, or control). Plaintiff offers no reason to deviate from that general rule here. Therefore, Plaintiff's failure to answer interrogatories and produce records warrants sanction under Rule 37.

IV.

Having determined that sanctions are appropriate, the question remains what sanctions would be "just." Defendant's proposed sanctions—the blanket exclusion of all undisclosed documents and testimony—effectively would preclude Plaintiff from making her case. Accordingly, the court must consider the three factors set forth in *Bonds* and the availability of alternative sanctions. *See Bonds*, 93 F.3d at 808.

The three *Bonds* factors weigh in favor of a meaningful sanction. First, there can be little doubt that Defendant is likely to suffer prejudice from Plaintiff's use of documentary evidence that

3

it did not already have in its possession, custody, or control. Defendant will not, for instance, have had use of such records to depose witnesses (although Defendant only noticed Plaintiff's deposition). The same is true of witnesses not known to Defendant. If Plaintiff relies upon testimony of a witness about whom Defendant has received no notice, prejudice is likely. As to the second factor, however, the prejudice to the court here is limited. Plaintiff's lack of diligence has not, for instance, affected a trial date or the court's docket. *Cf. id*. at 810. Third, a sanction that has teeth is warranted to deter future misconduct. As is clear from the parties' correspondence, as described in Defendant's Motion, Plaintiff's counsel strung along Defendant's counsel for months on end, promising to answer interrogatories and produce records, and then ultimately provided incomplete interrogatory answers and no records. *See* Def.'s Mem. at 1–6. Such brazen disregard of discovery obligations is unacceptable and warrants a consequential penalty to deter such behavior from recurring.

All that said, Defendant is not free of fault. At no time during the discovery period did Defendant bring Plaintiff's non-responsiveness to the court's attention. The court's scheduling order made clear that discovery disputes could be brought to the court's attention by notifying chambers. *See* Order, ECF No. 47. Defendant, however, did not raise Plaintiff's failure to produce discovery until the *Post*-Discovery Conference held on November 17, 2017. Accordingly, because Defendant sat on its hands, the severe sanctions it proposes go too far.

V.

In view of the foregoing circumstances, the court sanctions Plaintiff as follows:

1. Plaintiff is barred from using at summary judgment or at trial any document, including medical records, that she did not previously disclose to the D.C. Department of Employees Services ("DOES") or attach to a pleading in this case. Defendant has not claimed that

it was unaware of Plaintiff's submission of records to DOES or that it did not have access to them. Accordingly, Defendant would suffer minimal prejudice from Plaintiff's use of records already in its possession. Indeed, Defendant identifies no prejudice that would arise from the use of such records. *See* Defs.' Reply to Pl.'s Opp'n, ECF No. 58, at 2 (stating in conclusory fashion that "Defendant is highly prejudiced by Plaintiff's inaction").

2. Plaintiff is barred from relying on the testimony of any fact witness, unless Defendant received reasonable notice of such witness based upon the pleadings filed in this matter or on a showing that the failure to identify the witness was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). For example, Plaintiff identified multiple fact witnesses by name in her Amended Complaint, which directly put Defendant on notice that such persons might have relevant evidence. *See, e.g.,* Am. Compl., ECF No. 12, ¶¶ 17, 29, 37 (identifying Plaintiff's various supervisors). Given that such witnesses were made known to Defendant, yet they did not seek to depose them, Plaintiff's reliance on such witnesses cannot be said to genuinely harm Defendant. *Cf. Kapche v. Holder*, 677 F.3d 454, 468–69 (D.C. Cir. 2012) (holding that the defendant did not violate its obligation to supplement disclosures when witnesses were "made known" to the plaintiff in the course of discovery).

3. Plaintiff is barred from offering any testimony as to which an expert disclosure was required under Rule 26(a)(2), unless Plaintiff can show that the failure to make the disclosure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This restriction includes any treating physician. *See Williams v. Devlin*, 100 F. Supp. 3d 8, 12 (D.D.C. 2015) ("[A] treating physician can provide expert testimony even without an expert report so long as the expert disclosure informing the opposing party of the witness complies with Federal Rule of Civil Procedure 26(a)(2)(C)."); *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 69–70 (D.D.C. 2014)

(observing that the advisory committee notes to the 2010 amendments to Rule 26 "expressly recognize that treating physicians are required to submit Rule 26(a)(2)(C) disclosures").

4. To the extent Plaintiff's failure to produce employment records and income tax records precludes Defendant from proving that Plaintiff failed to mitigate her damages, the court defers ruling on whether Plaintiff can claim any lost wages until after it rules on Defendants' forthcoming motion for summary judgment.

## VI.

For the foregoing reasons, Defendant's Motion for Sanctions, ECF No. 52, is granted in part and denied in part. In light of the court's decision, the parties shall meet and confer and propose a summary judgment briefing schedule no later than April 11.

Dated: April 4, 2018

Amit P. Mehta
United States District Judge