UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SAUNDRA M. MCNAIR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-cv-00729 (APM) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending before court are three motions: (1) Plaintiff's Motion for Default Judgment, ECF No. 60; (2) Defendant D.C. Department of Employment Services' ("DOES") Motion to Dismiss, ECF No. 65; and (3) Defendant District of Columbia's Motion for Leave to File Answer, ECF No. 66. For the reasons that follow, Plaintiff's motion is denied, and Defendants' motions are granted.

**I.    Plaintiff's Motion for Default Judgment**

More than 27 months after naming Defendant D.C. Department of Employment Services ("DOES") as a defendant in an Amended Complaint, *see* Am. Compl., ECF No. 12, and more than four months after the close of discovery in this matter, *see* Minute Order, Nov. 2, 2017, Plaintiff Saundra M. McNair moves for entry of default judgment against DOES for failure to answer her amended pleading. *See* Pl.'s Mot. for Default J., ECF No. 60. Plaintiff's motion falls squarely in the category of "you can't possibly be serious."

Plaintiff does not dispute that DOES is a subordinate agency of the District of Columbia that is *non sui juris* and therefore not subject to suit as a separate entity. *See* Pl.'s Resp. in Opp'n

to Def. DOES' Mot. to Dismiss, ECF No. 68 [hereinafter Pl.'s Opp'n to Mot. to Dismiss], at 3 (citing *Kangethe v. D.C. Dep't of Emp. Servs.*, 891 F. Supp. 2d 69, 72 (D.D.C. 2012)); *cf.* Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. for Default J., ECF No. 68-1 [hereinafter Pl.'s Reply in Supp. of Default J.], at 2. Nor does she appear to seriously dispute that entry of default judgment against a party against whom a claim cannot be made would be improper. *See Saint-Jean v. D.C. Pub. Sch. Div. of Transp.*, 815 F. Supp. 2d 1, 4 (D.D.C. 2011) ("A motion for default judgment will be denied unless the allegations in the complaint are legally sufficient to make out a claim."); *cf.* Pl.'s Opp'n to Mot. to Dismiss at 3; Pl.'s Reply in Supp. of Default J. at 2–3.

Instead, Plaintiff insists that entry of default judgment is appropriate because DOES' failure to answer "greatly impacted Plaintiff's ability to defend her case and assert allegations against the necessary party." Pl.'s Opp'n to Mot. to Dismiss at 3. Come on, really? When she amended her original Complaint, Plaintiff named the "necessary party," the District of Columbia, as a defendant.[1] Since then, the District has actively litigated this matter, by filing a partial motion to dismiss, participating in mediation, and engaging in discovery after settlement efforts failed. Apparently, the irony of Plaintiff's position is lost on her: The court sanctioned *her* for failing to exercise diligence in litigating this matter. *See* Mem. Op. & Order, ECF No. 61. Plaintiff identifies no tangible way in which DOES' "absence" has adversely affected her case. *See* Pl.'s Opp'n to Mot. to Dismiss; Pl.'s Reply in Supp. of Default J. Her motion for default judgment is denied.

## II. DOES' Motion to Dismiss

DOES moves to dismiss for the reason discussed above: as a subordinate agency of the District of Columbia, DOES is *non sui juris* and therefore not subject to suit as a separate entity, unless authorized by law. Def. DOES' Mot. to Dismiss, Mem. of Points & Authorities in Supp.

---

[1] The District filed an answer to Plaintiff's original complaint before it was named as a defendant in her amended complaint. *See* Answer, ECF No. 3.

of Def. DOES' Mot. to Dismiss, ECF No. 65, at 2–3. As discussed, Plaintiff does not dispute that DOES is *non sui juris*. *See* Pl.'s Opp'n to Mot. to Dismiss at 3; Pl.'s Reply in Supp. of Default J. at 2. Accordingly, DOES' motion is granted because DOES is not subject to suit. *See Kangethe*, 891 F. Supp. 2d at 71–72 ("In this jurisdiction, as in others, non-corporate governmental bodies cannot be sued as separate entities absent explicit statutory authorization. Hence, the D.C. Code does not authorize suits for damages against DOES." (citations omitted)); *see also Perez v. D.C. Dep't of Emp. Servs.*, No. 17-cv-2086, 2018 WL 1701338, at *2 (D.D.C. Apr. 6, 2018) (dismissing DOES as a defendant where the plaintiff not only failed to offer any response to case law holding that DOES is *non sui juris* and thus not subject to suit absent explicit statutory authorization but also failed to point to any statutory authorization for suit).

## III. The District's Motion for Leave to File Answer

Finally, the court turns to the District's Motion for Leave to File Answer. More than 14 days have passed since the District filed its motion, yet Plaintiff has filed no opposition nor sought additional time. *See* Def.'s Mot. for Leave to File Answer, ECF No. 66 (dated April 19, 2018). Thus, the court grants the District's Motion "as conceded." LCvR 7(b).

Dated: May 16, 2018

Amit P. Mehta
United States District Judge